IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZACKERY HURT,

    Petitioner,

v.

THE SUPERIOR COURT,

    Respondent.

No. C 12-05120 YGR (PR)

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*; GRANTING HIS REQUEST FOR LEAVE TO AMEND PETITION; AND ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Petitioner, a state prisoner, filed a document entitled "Petition for Writ of Mandate" with the Court in the instant case, which was opened as a mandamus action. He has also filed an application to proceed *in forma pauperis* as well as another document entitled, "The Petitioner Request for an Order to Show Cause or Preemtory [sic] Extrodinary [sic] Relief." In the latter document, Petitioner challenges his conviction and requests that the Court treat his "Writ of Mandamus" as a habeas corpus action. The Court construes his motion as a request to amend his petition to be considered a habeas corpus action, and GRANTS his request.

## DISCUSSION

**A.    Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

**B.     Petitioner's Claims**

Petitioner has not completed the Court's habeas corpus petition form. Instead, Petitioner initially completed what appears to be a blank form from state court, entitled "Petition for Writ of Mandate." Moreover, in his request to amend the petition to be considered a habeas corpus action, Petitioner did not attach a completed federal habeas form. Thus, the Court cannot fairly evaluate the petition in its present state.

Furthermore, based on the information in the instant petition, the Court cannot determine whether Petitioner has exhausted his claims in the California courts before filing this habeas action. Federal habeas petitioners are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process"). Therefore, Petitioner cannot present claims to this Court which he has not first raised in the highest state court available, the Supreme Court of California.

The Court cannot fairly evaluate the petition in its present state. Accordingly, the Court will allow Petitioner an opportunity to file an amended petition on the Court's habeas form to correct these deficiencies.

**CONCLUSION**

1.     Petitioner's motion to proceed *in forma pauperis* is GRANTED.

2.     Petitioner's motion entitled, "The Petitioner Request for an Order to Show Cause or Preemtory [sic] Extrodinary [sic] Relief" (docket no. 4), is construed as a request to amend his petition to be considered a habeas corpus action. The Court GRANTS his request.

3. No later than **twenty-eight (28) days** from the date of this Order, Petitioner shall file with the Court the attached 28 U.S.C. § 2254 habeas petition form, completed in full, including the state post-conviction relief he has sought and any claims he seeks to raise in federal court. Petitioner must set out how he has exhausted his claims, that is, what he did to present them first to the highest state court available, which is the Supreme Court of California. Finally, he should clearly write in the correct caption and case number for this action, C 12-05120 YGR (PR).

4. If Petitioner fails to file a completed § 2254 habeas petition form within the twenty-eight-day deadline, the case will be closed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962) (pursuant to Rule 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order); *see also Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

5. The Clerk of the Court shall send Petitioner a blank § 2254 habeas petition form.

6. This Order terminates Docket no. 4.

IT IS SO ORDERED.

DATED: January 30, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**