IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACKERY HUNT, | No. C 12-05120 YGR (PR) |
| Petitioner, | **ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED** |
| vs. | |
| HEIDI M. LACKNER, Acting Warden, | |
| Respondent. | |

This action commenced on October 2, 2012, when Petitioner filed what appeared to be a form from state court, entitled "Petition for Writ of Mandate." Petitioner then filed a request to amend the petition to be considered a habeas corpus action; however, he did not attach a completed federal habeas form. Therefore, in an Order dated January 30, 2013, the Court determined that it could not fairly evaluate the petition in its present state. The Court granted Petitioner leave to proceed *in forma pauperis* and dismissed the petition with leave to amend.

On February 8, 2013, Petitioner filed his amended petition. He has also filed a document entitled, "Request for Order to Show Cause," which is construed as a motion requesting the Court to screen the amended petition. His motion to screen is GRANTED. It does not appear from the face of the amended petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this Order and the amended petition

1    (Docket No. 8) and all attachments thereto upon Respondent and Respondent's attorney, the
2    Attorney General of the State of California. The Clerk shall also serve a copy of this Order on
3    Petitioner at his current address.

4          2.    Respondent shall file with this Court and serve upon Petitioner, within **one-hundred**
5    **and twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5
6    of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not
7    be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records
8    that have been transcribed previously and that are relevant to a determination of the issues presented
9    by the petition.

10         3.    If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with
11   the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should
12   Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days**
13   after the date Petitioner is served with Respondent's Answer.

14         4.    Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days**
15   of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set
16   forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If
17   Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an
18   opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the
19   motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen**
20   **(14) days** of receipt of any opposition.

21         5.    It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court
22   and Respondent informed of any change of address and must comply with the Court's orders in a
23   timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose
24   address changes while an action is pending must promptly file a notice of change of address
25   specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint
26   when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not
27   deliverable, and (2) the Court fails to receive within sixty days of this return a written
28   communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also*

1 *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

2 Petitioner must also serve on Respondent's counsel all communications with the Court by
3 mailing a true copy of the document to Respondent's counsel.

4 6. Extensions of time are not favored, though reasonable extensions will be granted.
5 Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the
6 deadline sought to be extended.

7 7. Heidi M. Lackner, the current acting warden of the prison where Petitioner is
8 incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of
9 Civil Procedure.

10 8. Petitioner's filing entitled, "Request for Order to Show Cause," is construed as a
11 motion requesting the Court to screen the amended petition. The motion to screen (Docket No. 10)
12 is GRANTED.

13 9. This Order terminates Docket No. 10.

14 IT IS SO ORDERED.

15 DATED: April 8, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**