IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACKERY D. HUNT,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK LE,<br><br>    Respondent. | Case No.: C 12-5120 YGR (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

This matter is now before the Court for consideration of Zackery Hunt's ("Petitioner") pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2012 conviction in Santa Clara County Superior Court. For the reasons set forth below, the petition is DENIED. In addition, no certificate of appealability will be issued.

## BACKGROUND

### I. <u>Case History</u>

In January 2012, Petitioner pled guilty in Santa Clara County Superior Court to one count of failing to update his annual registration as a sex offender. (Ans. Ex. 1 at 111.) He was sentenced on March 26, 2012, to a term of 32 months in state prison. (*Id.*) On appeal, counsel filed a brief pursuant to *People v. Wende*, 25 Cal.3d 436 (1979), declaring that there

were no issues for appeal and requesting an independent review of the record. (Ans. Ex. 4 at 2.) The California Court of Appeal conducted such a review and affirmed the judgment on November 5, 2012. (Ans. Ex. 4.) Petitioner then filed petitions for a writ of mandate and for review in the California Supreme Court, both of which were denied on January 16, 2013. (Ans. Exs. 6, 7.)

On October 2, 2012, Petitioner commenced this action by filing a Petition for a "Writ of Mandate." He was subsequently granted leave to file an amended habeas petition, which he filed on February 8, 2013. In the petition he claimed that his constitutional rights were violated because more than sixty days elapsed after his arraignment without a preliminary hearing, and he ultimately never had a preliminary hearing at all. On April 8, 2013, Respondent was ordered to show cause why the petition should not be granted. Respondent filed an Answer with a supporting memorandum and exhibits. Petitioner was given an opportunity to file a Traverse, but he did not do so.

## II. Facts

Because the facts of the crime are not relevant to Petitioner's claim, they are only described in the following brief summary from the California Court of Appeal:

> On May 24, 2011, the San Jose Police Department conducted a routine check of its Megan's law database. Based on this review, the police realized that appellant had not registered as a sex offender in 2011 on his birthday, which was March 3. Petitioner last registered on September 8, 2010.
> The police checked the Department of Motor Vehicles database and found that appellant had provided a different address when he registered. The police went to the address listed on appellant's driver's license. The occupant at that address told the police that appellant had been moved out for three months. An arrest warrant was issued on June 30, 2011; appellant was arrested on July 29, 2011.

(Ans. Ex. 4 at 2-3.)

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

2

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384–86 (2000), while the second prong applies to decisions based on factual determinations. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams*, 529 U.S. at 405–06. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Section 2254(d)(1) restricts the source of clearly established law to the Supreme Court's jurisprudence. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous." *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003).

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340. Where constitutional error is found, habeas relief is warranted only if the error at issue had a

3

"substantial and injurious effect on the verdict." *Penry v. Johnson*, 532 U.S. 782, 796 (2001) (citation omitted).

In determining whether the state court's decision is contrary to or involved an unreasonable application of clearly established federal law, or is based on an unreasonable determination of the facts, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claims in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000). Here, the California Court of Appeal was the highest court to address, in a reasoned opinion, Petitioner's claims.

## DISCUSSION

Petitioner claims that his rights were violated because a preliminary hearing was not held within 60 days of his arraignment as required by California Penal Code Section 859b,[1] and because he ultimately did not have a preliminary hearing at all. (Pet. at 6 and attached pages.) The California Court of Appeal denied Petitioner's claim because, among other things, Petitioner had waived his right to a preliminary hearing.[2] (Ans. Ex. 4 at 4-5.)

The state court record shows that Petitioner was arrested on July 29, 2011, and on August 1, 2011, he waived arraignment. (Ans. Ex. 1 at 10, 12.) On August 4, 2011, he was arraigned and pled not guilty, and a preliminary hearing was set for August 16, 2011. (*Id.* at 13.) On August 11, 2011, Petitioner "waived time," i.e. he waived the right to have a preliminary hearing within the statutorily proscribed time, and the August 16 date for preliminary hearing was vacated. (*Id.* at 15.) Petitioner rescinded his time waiver on October 14, 2011, but on October 27, 2011, he waived his right to a preliminary hearing altogether. (*Id.* at 20-22.) Petitioner pled guilty on January 2, 2012, pursuant to a plea bargain in which additional counts were dropped and he would receive a maximum sentence of 32 months; at the hearing, the trial court advised him of his rights and confirmed the plea was knowing and

---

[1] California Penal Code Section 859b requires a preliminary hearing within 10 days, not 60 days.

[2] The Court of Appeal also found that the claim was not properly appealed because he had not obtain a certificate of probable cause to appeal, which was required because he had pled guilty. (Ans. Ex. 4 at 4-5 (citing Cal. Pen. Code § 1237.5).)

4

voluntary.  (*Id.* at 42; Ans. Ex. 2.)  Defense counsel was present at all of the above proceedings.

Petitioner's claim that his preliminary hearing was improperly delayed and ultimately denied to him is barred from federal habeas review because of his guilty plea.  A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before his plea.  *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983).  Rather, the only claims such a defendant may assert are that his guilty plea was not knowing and voluntary, or that counsel was ineffective in advising him to render such a plea.  *See id.*; *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).  The violations asserted by Petitioner occurred prior to his entry of a guilty plea.  As such Petitioner's claims may not be raised in a federal habeas proceeding under *Haring*.  Petitioner does not claim that his guilty plea was not knowing and voluntary, nor does he claim that counsel's advice to plead guilty was deficient, which, because he pled guilty, are the only claims he may bring in a federal habeas petition.  Accordingly, his petition does not entitle him to federal habeas relief.

In addition to being barred by his guilty plea, Petitioner's claim fails because he does not assert a violation of federal law.  A federal habeas writ may only be obtained on the basis of a violation of federal law; it is unavailable for violations of state law.  *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011).  Even if the preliminary hearing was delayed beyond the time period allowed by California Penal Code Section 859b, such a violation of state law may not be the basis for federal habeas relief.  Nor has Petitioner cited authority, and the Court is not aware of any, providing a federal constitutional right to a preliminary hearing.

Lastly, Petitioner's claim is refuted by the record, which shows that he was not denied a preliminary hearing but rather that he waived the right to have one.  (Ans. Ex. 1 at 15, 20-22.)  Counsel was present for this waiver, and there is no allegation or any indication in the record that the waiver was not knowing and voluntary.  Also, the preliminary hearing was not delayed beyond the statutory time period.  He waived his right to have the hearing within the

time period only seven days after his arraignment, which was before the time period had elapsed.

In sum, Petitioner's claim is not cognizable on federal habeas review, both because of his guilty plea and because it does not assert a violation of federal law. In addition, the claim is not supported by the trial court record. Accordingly, his petition will be denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Petition for Writ of Habeas Corpus. A certificate of appealability will not issue. Reasonable jurists would not find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: July 22, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**